NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER E. GREER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CHRISTINE WORMUTH, Secretary, Department of the Army; UNITED STATES DEPARTMENT OF THE ARMY, <br><br> Defendants - Appellees. | No. 24-6425 <br><br> D.C. No. 3:24-cv-00614-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted July 15, 2026[**]

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

Roger Greer filed a pro se action under 42 U.S.C. § 1983 alleging violations

of Title VII and the Rehabilitation Act after he was terminated as a firefighter for

the United States Department of the Army for testing positive for illegal substances.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 791. Greer now appeals the district court's dismissal of his First Amended Complaint (FAC) for failure to state a claim without leave to amend.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A formulaic recitation of the elements of a cause of action" does not establish a viable claim. *Id.* (quoting *Twombly*, 550 U.S. at 545) (citation modified). We review the district court's order de novo. *Est. of Bride v. YOLO Techs., Inc.*, 112 F.4th 1168, 1174–75 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Title VII discrimination claim. The district court correctly dismissed Greer's Title VII discrimination claim for failure to state a claim. To make a prima facie Title VII discrimination claim under the Civil Rights Act, a plaintiff must show that: (1) he belongs to a protected class, (2) he was qualified for the role, (3) he experienced adverse employment action, and (4) similarly situated individuals outside his protected class were treated more favorably, or the circumstances encourage an inference of discrimination. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Here, Greer does not plausibly allege that he is a member of a protected class under Title VII. Greer merely asserts that he was discriminated

against because of a disability, which is not protected under Title VII. § 2000e-2(a)(1). Thus, Greer has not adequately pled a Title VII discrimination claim.

2. Rehabilitation Act discrimination claim. Greer also failed to state a disability discrimination claim under the Rehabilitation Act. To bring a successful claim under the Rehabilitation Act, a plaintiff must show that he (1) has a disability; (2) is otherwise qualified for employment; and (3) was discriminated against because of his disability. *Walton v. United States Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), *superseded by statute on other grounds as stated in Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 434 (9th Cir. 2018). Greer's claim fails to allege the threshold requirement that he is "disabled" because the FAC does not describe the nature of his impairment with sufficient particularity. Greer merely alleges that he was "perceived to have an actual or perceived physical or mental impairment" without any additional factual details. *See Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644 (9th Cir. 2015) (emphasizing "that conclusory allegations that merely recite statutory language" are not sufficient to establish a plausible claim).[1]

3. Title VII and Rehabilitation Act retaliation claims. The district court properly dismissed Greer's retaliation claims under Title VII and the Rehabilitation

---

[1] Even if we infer that Greer's "disability" was a perceived substance-use impairment, the Rehabilitation Act expressly states that "the term 'individual with a disability' does not include an individual who is currently engaging in the illegal use of drugs, when a covered entity acts on the basis of such use." 29 U.S.C. § 705(20)(C)(i).

Act. A retaliation claim requires a plaintiff to allege that (1) he was engaged in a protected activity; (2) he was subsequently subjected to an adverse employment action; and (3) a causal link exists between the two. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (demonstrating that retaliation claims under the Rehabilitation Act are subject to the same requirements as retaliation claims under Title VII). The FAC does not plausibly allege a causal link between Greer's purported 2014 Equal Employment Opportunity (EEO) complaint and his termination. Aside from the over year-long gap between Greer's alleged complaint and his termination, Greer's termination followed shortly after he tested positive for illegal substances. *See Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003) (explaining that a nine-month time lapse between a protected action and an alleged retaliatory employment action did not support a causation finding). Thus, Greer does not state a plausible retaliation claim under either Title VII or the Rehabilitation Act.

4. <u>Denial of further leave to amend</u>. The district court did not err in dismissing the FAC without leave to amend. A district court has broad authority to deny leave to amend when the plaintiff has already been granted such leave and failed to plead his claims with sufficient particularity. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Because the FAC did not remedy the shortcomings

24-6425

identified earlier by the district court, Greer's claims were properly dismissed without further leave to amend.

**AFFIRMED.**